# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE THOMAS,<br><br>   Petitioner,<br><br>  v.<br><br>RONALD DAVIS,<br><br>   Respondent. | Case No.  1:15-cv-00119-LJO-SAB HC<br><br>ORDER TO SHOW CAUSE |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  On January 13, 2015, Petitioner filed the instant petition for writ of habeas corpus in the Northern District of California.[1]  (Pet., ECF No. 1).  On January 22, 2015, the Northern District of California transferred this case to this Court.  (ECF NO. 3).  In the instant petition, Petitioner challenges his March 22, 1989, conviction in the Kern County Superior Court for attempted murder, assault with a deadly weapon, assault with intent to murder, and assault with intent to rape.  (Pet. at 1-2).  Petitioner argues that the state court lacked jurisdiction and that there were defects in the information and other documents filed in his case because documents had been amended.

---

[1] Pursuant to the mailbox rule, the Court deems the petitions filed on the date they were signed and presumably handed to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

# I.

# DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997). As the instant petition was filed on October 13, 2014, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, Petitioner states that his appeal was denied by the Fifth Appellate District Court of Appeal in 1991. (Pet. at 3). Petitioner states that he did not file a petition for review in the California Supreme Court. (Pet. at 3). Pursuant to Cal. Rules of Court, rules 24(a), 28(b), and 45(a), direct review concluded when the conviction became final forty days after the appellate court filed its opinion. In this case, that date was sometime in 1991 or 1992. Petitioner had one year from the conclusion of direct review, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Therefore, Petitioner had until 1992 or 1993 to file his federal petition, and it appears that Petitioner's federal petition is untimely by over twenty years.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. In his federal petition, Petitioner notes having filed three petitions for writ of habeas corpus in the state courts. (Pet. at 8-11). It appears that Petitioner filed his first state habeas petition in the Kern County Superior Court on February 11, 2014. (Pet. at 10). Petitioner's petition for writ of

3

habeas corpus was denied by the Fifth Appellate District on May 8, 2014, and an amended order was entered on August 19, 2014. (Pet. at 9). The California Supreme Court denied Petitioner's petition for writ of habeas corpus on October 15, 2014. (Pet. at 8). Petitioner is not entitled to statutory tolling for the three state habeas petitions that he filed, because his first state habeas petition was filed over twenty years after the expiration of the limitations period. If Petitioner is not entitled to any statutory tolling, it appears that his federal petition is untimely, absent equitable tolling. Petitioner has not made any claims for equitable tolling.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner is ORDERED to SHOW CAUSE within **thirty (30)** days of the date of service of this Order why the petition should not be dismissed for violating the limitations period of 28 U.S.C. 2244(d).

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits.).

IT IS SO ORDERED.

Dated: **February 10, 2015**

UNITED STATES MAGISTRATE JUDGE