# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE THOMAS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RONALD DAVIS,<br><br>　　　　　Respondent. | Case No.  1:15-cv-00119-LJO-SAB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 13, 2015, Petitioner filed the instant petition for writ of habeas corpus in the Northern District of California.[1] (Pet., ECF No. 1). On January 22, 2015, the Northern District of California transferred this case to this Court. (ECF NO. 3). In the instant petition, Petitioner challenges his March 22, 1989, conviction in the Kern County Superior Court for attempted murder, assault with a deadly weapon, assault with intent to murder, and assault with intent to rape. (Pet. at 1-2). Petitioner argues that the state court lacked jurisdiction and that there were defects in the information and other documents filed in his case because documents had been amended. On February 11, 2015, the Court issued an order for Petitioner to show cause why the

---

[1] Pursuant to the mailbox rule, the Court deems the petitions filed on the date they were signed and presumably handed to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

petition should not be dismissed for violating the limitations period. (ECF No. 9). After receiving extensions of time, Petitioner filed a response to the Court's order to show cause. (ECF No. 14).

**I.**

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). The Ninth Circuit concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. Herbst, 260 F.3d at 1041-42.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997). As the instant petition was filed on October 13, 2014, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Petitioner argues that the 1-year period of limitation does not apply to his petition because he is claiming an unauthorized judgment and a void sentence. (ECF No. 14 at 3). The Court notes that Petitioner has not presented any case law to support his argument that the 1-year limitation period of 28 U.S.C. § 2244(d)(1) does not apply to federal habeas petitions where a petition argues that the conviction and judgment in the trial court are void. Petitioner is in custody pursuant to a state court judgment, and therefore, the 1-year limitation period applies.

In this case, Petitioner states that his appeal was denied by the Fifth Appellate District Court of Appeal in 1991. (Pet. at 3). Petitioner states that he did not file a petition for review in the California Supreme Court. (Pet. at 3). Pursuant to Cal. Rules of Court, rules 24(a), 28(b), and 45(a), direct review concluded when the conviction became final forty days after the appellate court filed its opinion. In this case, that date was sometime in 1991 or 1992. Petitioner had one year from the conclusion of direct review, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Therefore, Petitioner had until 1992 or 1993 to file his federal petition.

However, as Petitioner's direct review concluded before the enactment of the AEDPA, the limitation period would begin to run on April 25, 1996. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). Therefore, Petitioner had one year from April 25, 1996, plus applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner filed the instant petition on January 13, 2015, over seventeen years after the expiration of the limitation period on April 24, 1997. Therefore, Petitioner's federal petition is untimely absent any applicable tolling.

Title 28, United States Code, Section 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the 1-year limitation period. In his federal petition, Petitioner notes having filed three petitions for writ of habeas corpus in the state courts. (Pet. at 8-11). It appears that Petitioner filed his first state habeas petition in the Kern County Superior Court on February 11, 2014. (Pet. at 10). Petitioner's petition for writ of habeas corpus was denied by the Fifth Appellate District on May 8, 2014, and an amended order was entered on August 19, 2014. (Pet. at 9). The California Supreme Court denied Petitioner's petition for writ of habeas corpus on October 15, 2014. (Pet. at 8). Petitioner is not entitled to statutory tolling for the three state habeas petitions that he filed, because his first state habeas petition was filed over twenty years after the expiration of the period of limitation. If Petitioner is not entitled to any statutory tolling, it appears that his federal petition is untimely, absent equitable tolling.

To the extent that Petitioner's arguments in his response to the Court's order to show cause are claims for equitable tolling, the Court will evaluate whether the petition is timely because of equitable tolling. The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S.Ct.2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). Petitioner has not

4

demonstrated that he has been pursuing his rights diligently or that an extraordinary circumstance prevented him from filing his habeas petition. Therefore, the Court finds that Petitioner's arguments are not sufficient to entitle him to equitable tolling. Thus, Petitioner's petition is untimely.

## II.
## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for violating the limitation period of 28 U.S.C. § 2244(d)(1).

This Findings and Recommendation is submitted to assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 18, 2015**

UNITED STATES MAGISTRATE JUDGE