# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE THOMAS,<br><br>            Petitioner,<br><br>    v.<br><br>RONALD DAVIS,<br><br>            Respondent. | Case No. 1:15-cv-00119-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENYING PETITIONER'S MOTION FOR STAY<br>(ECF No. 21) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 19, 2015, the Court issued a findings and recommendation that recommended that the petition be dismissed for violating the limitations period. (ECF No. 15). On August 4, 2015, the Court granted Petitioner an extension to file his objections to and including September 21, 2015. (ECF No. 19). Petitioner has not filed objections.

**I.**

**DISCUSSION**

On September 25, 2015, Petitioner filed a motion for a stay under Federal Rule of Civil Procedure 62(h). (ECF No. 21). On September 28, 2015, Petitioner filed an addendum to his motion for stay. (ECF No. 22). Petitioner requests a stay to file his response to the findings and

1

1 recommendation. Rule 62(h) is for a stay of proceedings to enforce a judgment with multiple
2 claims or parties and provides that "A court may stay the enforcement of a final judgment
3 entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms
4 necessary to secure the benefit of the stayed judgment for the party in whose favor it was
5 entered."

6 Petitioner requests a stay of the response to the Court's findings and recommendation
7 because he has filed a claim in state court alleging ineffective assistance of appellate counsel on
8 direct appeal. Petitioner alleges that his appellate counsel raised no issues on direct appeal and
9 did not argue that there was a void conviction and judgment. The Court notes that it has not yet
10 entered judgment in this case and the Court construes Petitioner's motion as a motion for a stay
11 of the federal habeas petition and will evaluate Petitioner's claim under both Rhines v. Weber,
12 544 U.S. 269 (2005) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002).

13 Under Rhines v. Weber, a district court has discretion to stay a mixed federal habeas
14 petition to allow a petitioner time to present his unexhausted claims to state courts. 544 U.S. at
15 276. This "stay and abeyance" procedure is available only in limited circumstances, and only
16 when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not
17 "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation
18 tactics. Id. at 277–78.

19 Petitioner fails to show that he did not sit on his rights. Petitioner does not provide good
20 cause for his failure to raise these claims in state court earlier, which is required under Rhines.
21 Furthermore, Petitioner had multiple opportunities to present his unexhausted claims to the state
22 courts. Petitioner could have raised his unexhausted ineffective assistance of counsel claims in
23 his state habeas petitions. The Court also notes that the claim is untimely as discussed below.
24 Therefore, Petitioner's request for a Rhines stay must be denied.

25 Under Kelly v. Small, if a petitioner dismisses a mixed petition's unexhausted claims, the
26 district court may stay the petition's remaining exhausted claims to allow the petitioner time to
27 exhaust the unexhausted claims in state court. 315 F.3d at 1070–71. Unlike the procedure
28 permitted by Rhines, a Kelly stay "does not require that a petitioner show good cause for his

failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See King, 564 F.3d at 1135. However, a petitioner's use of Kelly's three-step procedure is subject to the requirement of Mayle v. Felix, 545 U.S. 644 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back to claims contained in the original petition that were exhausted at the time of filing. King, 564 F.3d at 1143.

Petitioner's unexhausted ineffective assistance of counsel claim would be untimely for the same reasons that the undersigned recommended that the federal habeas petition is untimely. The one-year limitations period has expired. On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

3

> pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period starts on the date that the petitioner's direct review became final. In this case, Petitioner states that his appeal was denied by the Fifth Appellate District Court of Appeal in 1991. Petitioner states that he did not file a petition for review in the California Supreme Court. Pursuant to Cal. Rules of Court, rules 24(a), 28(b), and 45(a), direct review concluded when the conviction became final forty days after the appellate court filed its opinion. In this case, that date was sometime in 1991 or 1992. A petitioner usually has one year from the conclusion of direct review, absent applicable tolling, in which to file his federal petition for writ of habeas corpus, but Petitioner's direct review concluded before the enactment of the AEDPA, so the limitation period would have begun to run on April 25, 1996. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). Therefore, Petitioner had one year from April 25, 1996, plus applicable tolling, in which to file his federal petition for writ of habeas corpus.

It is now over eighteen years past the expiration of the limitation period. The Court notes that even if Petitioner's ineffective assistance of counsel claim related to the claims in the federal habeas petition, it would still be untimely because the habeas petition is untimely. Therefore, Petitioner cannot possibly exhaust his claims in state court and return to federal court to timely file his claims. Thus, Petitioner is not entitled to a Kelly stay.

## II.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Petitioner's motion for a stay be DENIED.

This Findings and Recommendation is submitted to assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules for the United States District Court, Eastern District of California. Within twenty-one (21) days after service of the Findings and Recommendation, Petitioner may file written objections with

the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Judge will then review the Findings and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 30, 2015**

UNITED STATES MAGISTRATE JUDGE